## Commonwealth v. Burke, Appellant.

*Criminal law—Murder—Evidence.*

On the trial of an indictment for murder the evidence for the commonwealth tended to show that prior to the killing the accused armed himself with a loaded shot gun, went to the deceased's house about half a mile away, with the avowed purpose of compelling him to receipt a bill; that the prisoner pointed the gun at the deceased, told him to sign the receipt, and threatened to shoot him if he moved from where he stood; that the deceased's wife brought a pen to her husband, and as he was leaning forward to sign the receipt the gun was discharged, the load striking the deceased in the abdomen. The prisoner testified that he heard a noise on the porch where the parties were, and while turning to see what caused it, the gun was discharged accidentally. The court charged in part as follows: "Something has been said to you about where it would have struck him if he held the gun at the shoulder or carried it below. I do not see that it is so material, al-

though it might to a certain extent help you in determining whether or not there was the deliberate, premeditated and willful intent to take this man's life." *Held,* that the feature of the defense indicated in this portion of the charge was adequately presented.

Argued Jan. 3, 1910. Appeal, No. 345, Jan. T., 1910, by defendant, from judgment of O. and T. Chester Co., August Sessions, 1910, on verdict of murder in the first degree in case of Commonwealth v. William P. Burke. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before HEMPHILL, P. J., and BUTLER, J.

At the trial the jury returned a verdict of guilty of murder of the first degree upon which judgment of sentence was passed.

*Error assigned* among others was the portion of the charge quoted in the opinion of the Supreme Court.

*J. Frank E. Hause,* with him *John J. Gheen,* for appellant.

*Robert S. Gawthrop,* district attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, February 27, 1911:

The appellant inherited a small farm from his aunt and in the settlement of her estate a dispute arose between him and his neighbor, John McNamara, who had presented a bill for a few dollars against the estate. The appellant armed himself with a double-barrelled shotgun, loaded with buckshot and went to McNamara's house, half a mile distant from his own, for the avowed purpose of compelling him to receipt the bill. There were three accounts of what took place when he met McNamara. The commonwealth's witnesses testified that the appellant pointed the gun at him, told him to sign the receipt

and threatened to shoot him if he moved from where he stood; that his wife, at his request, brought a pen and ink to the end of the porch where the men were standing and that as he was leaning forward to sign the receipt, the gun was discharged. According to the ante-mortem statement of McNamara, the appellant demanded the signing of the receipt and the payment of $13.00 claimed to be due the estate, and that he, fearing he would be shot, yielded to the demand and was shot as he started to go into his home to get the money. The appellant testified that he heard a noise on the porch and while turning to see what caused it, the gun was discharged accidentally.

It is conceded in the argument on behalf of the appellant, that he went to McNamara's house with the intention of killing the latter if he refused to receipt the bill. But it is argued that the defense of accidental shooting was supported by the fact that McNamara had consented to sign the receipt and there was therefore no motive for killing him and by the fact that the wound was in the upper part of the abdomen and it would have been in the shoulder if the gun had been held in the position described by the commonwealth's witnesses and that this feature of the defense was not adequately presented by the charge.

The part of the charge assigned as error is "Something has been said to you about where it would have struck him if he had held the gun at the shoulder or carried it below. I do not see that it is so material; although it might to a certain extent help you in determining whether or not there was the deliberate, premeditated and willful intent to take this man's life." This was said in immediate connection with the distinct instruction that if there was no intent to take life and the gun was accidentally discharged as the appellant turned because of something occurring on the porch, that he should be acquitted. It had reference to the argument to the jury on the appellant's behalf, that the witnesses for the commonwealth

were mistaken in saying that the gun was held at the appellant's shoulder and levelled at McNamara. The location of the wound, as indicating intent to kill, was important only, as stated by the court, in determining whether the shooting was accidental.

The charge contained a very clear and accurate statement of the law and did full justice to the appellant. The judgment is affirmed and it is directed that the record be remitted for the purpose of execution.